IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, et al., <br><br> Plaintiffs, <br><br> v. <br><br> FORAS TECHNOLOGIES LTD., <br><br> Defendant. | Case No. 1:24-cv-00363-LMB-WEF <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF ROBERT BOSCH GMBH'S BRIEF
<u>IN SUPPORT OF OPPOSED MOTION TO SEVER AND STAY</u>**

**TABLE OF CONTENTS**

I. INTRODUCTION: FORAS'S ALLEGATIONS AS TO THE '958 PATENT SHOULD BE SEVERED AND STAYED .......................................................................... 1

II. FACTUAL BACKGROUND: THE USPTO INITIATED REVIEW OF ALL INDEPENDENT CLAIMS OF THE ASSERTED PATENTS AND THIS CASE IS IN ITS EARLY STAGES ................................................................................................. 3

III. FORAS'S ALLEGATIONS RELATED TO THE '958 PATENT SHOULD BE SEVERED ........................................................................................................................ 5

IV. THIS COURT SHOULD STAY FORAS'S ALLEGATIONS AS TO THE '958 PATENT BECAUSE (1) FORAS WILL NOT FACE UNDUE PREJUDICE, (2) THIS CASE IS IN ITS RELATIVE INFANCY, AND (3) A STAY WILL SIMPLIFY THIS CASE ............................................................................................ 7

    A. Factor One: A Stay Will Not Unduly Prejudice Foras ........................................... 8

    B. Factor Two: A Stay Is Warranted Because This Case Is in Its Early Stages with Significant Investment Yet to Occur ............................................................... 9

    C. Factor Three: A Stay Will Simplify the Issues Before This Court Because Invalidity Issues Will Be Disposed of at the USPTO ........................................... 11

V. CONCLUSION: SEVERING AND STAYING IS NECESSARY TO AVOID WASTING RESOURCES ................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acevedo v. Allsup's Convenience Stores, Inc.*,
   600 F.3d 516 (5th Cir. 2010) ................................................................................................5

*Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*,
   No. 20-cv-646, 2020 WL 6595212 (E.D. Va. Oct. 19, 2020).................................................8

*Ameranth, Inc. v. Pizza Hut, Inc.*,
   No. 11-CV-1810 JLS (NLS), 2012 WL 3223694 (S.D. Cal. Aug. 6, 2012).............................6

*Anza Tech., Inc. v. Mushkin, Inc.*,
   934 F.3d 1359 (Fed. Cir. 2019)..............................................................................................4

*Audio MPEG, Inc. v. Hewlett-Packard Co.*,
   No. 2:15cv73, 2015 WL 5567085 (E.D. Va. Sept. 21, 2015)..........................................10, 12

*Aylus Networks, Inc. v. Apple Inc.*,
   856 F.3d 1353 (Fed. Cir. 2017)............................................................................................13

*Buzzell v. JP Morgan Chase Bank*,
   No. 3:13-CV-668, 2015 WL 5254768 (E.D. Va. Sept. 9, 2015), *aff'd*,
   642 F. App'x 267 (4th Cir. 2016) (per curiam) ...................................................................11

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
   25 F.4th 976 (Fed. Cir. 2022), *cert. denied*, 143 S. Ct. 2658 (2023)....................................13

*Centripetal Networks, LLC v. Keysight Techs., Inc.*,
   No. 2:22-CV-00002, 2023 WL 5127163 (E.D. Va. Mar. 20, 2023).............................8, 10, 11

*Clinton v. Gov't Emps. Ins. Co.*,
   No. 2:16cv430, 2016 WL 9308421 (E.D. Va. Nov. 23, 2016)..............................................10

*CUPP Computing AS v. Trend Micro Inc.*,
   53 F.4th 1376 (Fed. Cir. 2022) ............................................................................................13

*Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*,
   No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805 (C.D. Cal. Oct. 1, 2012).....................7

*In re EMC Corp.*,
   501 F. App'x 973 (Fed. Cir. 2013) .......................................................................................11

*In re EMC Corp.*,
   677 F.3d 1351 (Fed. Cir. 2012)....................................................................................4, 5, 6, 7

*Foras Techs. Ltd. v. Bayerische Motoren Werke AG*,
  No. 6:23-CV-386-RP, 2024 WL 1724256 (W.D. Tex. Apr. 22, 2024) ...................................... 2

*Gibbs v. Plain Green, LLC*,
  331 F. Supp. 3d 518 (E.D. Va. 2018) ................................................................................... 10

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936) ............................................................................................................... 8

*In re Nintendo Co.*,
  544 F. App'x 934 (Fed. Cir. 2013) ..................................................................................... 5, 7

*Sharpe Innovations, Inc. v. T-Mobile USA, Inc.*,
  Nos. 2:17-cv-351, -412, 2018 WL 11198604 (E.D. Va. Jan. 10, 2018) ........................... 10, 12

*Smartflash LLC v. Apple Inc.*,
  621 F. App'x 995 (Fed. Cir. 2015) ....................................................................................... 10

*In re TLI Commc'ns LLC*,
  No. 1:14md2534, 2014 WL 12615711 (E.D. Va. Aug. 11, 2014) ................................ 9, 12, 13

*Versata Software, Inc. v. Callidus Software, Inc.*,
  771 F.3d 1368 (Fed. Cir. 2014), *vacated on other grounds by* 780 F.3d 1134
  (Fed. Cir. 2015) .................................................................................................................... 14

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014) ................................................................................... 9, 11, 12

*Williamson v. Citrix Online LLC*,
  No. CV 11-2409 AHM, 2012 WL 2523827 (C.D. Cal. June 29, 2012) ................................. 6

*Williford v. Armstrong World Indus., Inc.*,
  715 F.2d 124 (4th Cir. 1983) ................................................................................................. 8

**Statutes**

35 U.S.C. § 299(a) ....................................................................................................................... 4, 5

35 U.S.C. § 305 ................................................................................................................................ 4

35 U.S.C. § 315(e)(2) .................................................................................................................... 12

35 U.S.C. § 316 ................................................................................................................................ 3

**Rules**

Fed. R. Civ. P. 16(b) ..................................................................................................................... 10

Fed. R. Civ. P. 20 ............................................................................................................................ 4

Fed. R. Civ. P. 20(a)(2)................................................................................................................4

Fed. R. Civ. P. 21 .........................................................................................................................4

Fed. R. Civ. P. 27 .........................................................................................................................9

Fed. R. Civ. P. 37(e) ....................................................................................................................9

I.  **INTRODUCTION: FORAS'S ALLEGATIONS AS TO THE '958 PATENT SHOULD BE SEVERED AND STAYED**

In its Amended Answer, Counterclaim-Plaintiff Foras Technologies Ltd. ("Foras") asserts that Robert Bosch GmbH's ("Bosch") electronic control unit infringes a single patent. *See* Dkt. 10 at 8–9 (¶¶ 9–12). Foras further asserts two additional patents against *only* Bayerische Motoren Werke AG ("BMW") based on its alleged use of a camera allegedly made by Magna International Inc. ("Magna") that has no connection whatsoever to Bosch. *Id.* at 12–25 (¶¶ 21–31, 33–43). In view of Foras's introduction of these BMW-specific allegations, Bosch respectfully moves to sever the case as to the lone patent asserted against Bosch—U.S. Patent No. 7,502,958 ("the '958 patent"). And because the '958 patent is already the subject of (among other proceedings at the United States Patent and Trademark Office ("USPTO")) an instituted *inter partes* review before the Patent Trial and Appeal Board ("Board"), Bosch further moves to stay Foras's allegations as to that patent until the conclusion of the USPTO proceedings.

Foras asserts three patents in this case—the '958 patent and U.S. Patent Nos. 7,627,781 ("the '781 patent") and 7,624,302 ("the '302 patent"), but against Bosch it asserts only the '958 patent. Foras's claims related to the '781 and '302 patents rest on a different component, from a different supplier, that uses a different chip in a different BMW vehicle from its claims related to the '958 patent. *See generally* Dkt. 10 at 8–25 (¶¶ 9–43). Foras's claim that BMW infringes the '781 and '302 patents thus raises materially different issues from its claim that Bosch infringes the '958 patent, so the Court and parties gain no efficiencies by consolidating them for pre-trial purposes. And Bosch would be prejudiced by litigating Foras's infringement allegations as to the '958 patent in connection with these unrelated claims. Accordingly, Bosch hereby moves to sever

1

Foras' counterclaim against Bosch and BMW as to the '958 patent from Foras' counterclaims against BMW as to the '781 and '302 patents.[1]

Additionally, Foras's counterclaim as to the '958 patent should be stayed. The only claim of the '958 patent currently asserted against Bosch, claim 19, is the subject of an *inter partes* review before the USPTO. And *all* claims of the '958 patent (the only patent asserted against Bosch) are likewise under review as part of a separate *ex parte* reexamination at the USPTO. Both the parties and the Court would waste resources progressing through claim construction, fact and expert discovery, and trial for claims that will likely be invalidated or amended. All factors weigh in favor of staying Foras's claims as to the '958 patent. *First*, a stay will not unduly prejudice Foras because it sells no products, and any speculative harm can be remedied through monetary damages. *Second*, this litigation is in its early stages. No party has responded to fact discovery requests or produced documents and claim construction has not begun, and thus the parties and the Court have yet to expend significant resources on this litigation. *Third*, there is a substantial likelihood of simplification based on the USPTO proceedings. Indeed, all claims of the '958 patent have recently been rejected as unpatentable as part of the *ex parte* reexamination. The USPTO proceedings are accordingly likely to reduce or eliminate issues in this litigation, conserving both party and judicial resources.

---

[1] Bosch has conferred with BMW, and, to the extent that the Court would also stay the case as to BMW as to the '958 patent, BMW does not oppose the severance and staying of Foras's counterclaim as to the '958 patent.

## II.     FACTUAL BACKGROUND: THE USPTO INITIATED REVIEW OF ALL INDEPENDENT CLAIMS OF THE ASSERTED PATENTS AND THIS CASE IS IN ITS EARLY STAGES

Bosch and BMW sought declaratory judgment of noninfringement and invalidity of the '958 patent on March 6, 2024.[2] Dkt. 1. On May 24, 2024, Foras filed a counterclaim alleging that a Bosch electronic control unit containing an Infineon TriCore TC29XX chip infringes claim 19 of the '958 patent. Dkt. 7 at 8–9 (¶ 10). It further alleged that BMW's X3, X4, and X5 automobiles infringe claim 19 of the '958 patent through their use of Bosch electronic control units. *Id.*

Six days later, on May 30, 2024, Foras filed amended counterclaims. It maintained the same allegations related to the '958 patent but added new allegations that BMW's iX automobile infringes the '781 and '302 patents through use of a camera supplied by third party Magna, which allegedly uses a different Infineon chip, the AURIX TC377TP. *See* Dkt. 10 at 13 (¶ 22), 19–20 (¶ 34). Foras did not allege that any Bosch product infringes either the '781 or the '302 patent. *See generally* Dkt. 10.

Just before Foras's amendment, on May 29, 2024, the Court issued an order setting the final pretrial conference for October 17, 2024, with trial to follow 4–6 weeks later. Dkt. 9. No *Markman* hearing has been set. To date, the parties have not responded to any discovery requests, produced any documents, or filed any claim construction briefing. All major milestones in this case will occur in the future.

Meanwhile, all claims of the '958 patent are subject to post-grant proceedings at the USPTO. On March 20, 2024, the USPTO instituted *inter partes* review of claims 1–8 and 13–22

---

[2] Plaintiffs were previously sued by Foras for patent infringement of the '958 patent in the Western District of Texas. That case has been stayed pending resolution of the *inter partes* review and reexamination proceedings. *See Foras Techs. Ltd. v. Bayerische Motoren Werke AG*, No. 6:23-CV-386-RP, 2024 WL 1724256, at *1 (W.D. Tex. Apr. 22, 2024).

3

of the '958 patent. Ex. 1 at 2, 39 (IPR Institution Decision). Under 35 U.S.C. § 316(a)(11), the USPTO must enter its Final Written Decision by March 20, 2025. And on June 24, 2024, third parties ZF Friedrichshafen AG, ZF Active Safety and Electronics US LLC, and Nissan Motor Company, Ltd. requested *inter partes* review of claims 9–12 and 23–25 of the '958 patent. Ex. 8 (IPR Petition). The USPTO has not yet instituted *inter partes* review of these claims. The below chart summarizes the status of these challenges:

| Case No. | Claims Challenged in Petition | Instituted Claims | Institution Date | Final Written Decision Date |
|---|---|---|---|---|
| IPR2023-01373 | 1–8, 13–22 | 1–8, 13–22 | March 20, 2024 | No later than March 20, 2025 |
| IPR2024-00969 | 9–12, 23–25 | N/A | N/A | N/A |

In addition, at the request of third party Unified Patents, LLC, the USPTO ordered *ex parte* reexamination of *all* claims of the '958 patent. *See* Ex. 2 at 25. On March 19, 2024, the USPTO issued a Non-Final Office Action rejecting all claims of the '958 patent as unpatentable. *See* Ex. 3; *see also* Ex. 7 (providing Foras's May 20, 2024, response to the Non-Final Office Action). There is no statutory deadline to conclude *ex parte* reexamination, but these proceedings are conducted with "special dispatch within the Office." 35 U.S.C. § 305. A chart summarizing the *ex parte* reexamination is below:

| Re-examination Application No. | Claims Rejected by Non-Final Office Action | Non-Final Office Action Issue Date | Response to Non-Final Office Action Filed | Re-examination Grant Date |
|---|---|---|---|---|
| 90/019,245 | 1–25 | March 19, 2024 | May 20, 2024 | November 29, 2023 |

4

### III. FORAS'S ALLEGATIONS RELATED TO THE '958 PATENT SHOULD BE SEVERED

Federal Rule of Civil Procedure 21 allows a court to "sever any claim against a party." Fed. R. Civ. P. 21. "[M]otions to sever are governed by Federal Circuit law . . . ." *Anza Tech., Inc. v. Mushkin, Inc.*, 934 F.3d 1359, 1366 (Fed. Cir. 2019) (quoting *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012)). The Federal Circuit has emphasized the need to consider fairness and judicial economy in determining motions to sever. *In re Nintendo Co.*, 544 F. App'x 934, 938–39 (Fed. Cir. 2013) (citing *In re EMC*, 677 F.3d at 1355); *see also* 35 U.S.C. § 299(a). Trial courts have discretion to separate claims "in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *EMC*, 677 F.3d at 1360 (quoting *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 522 (5th Cir. 2010)).

According to the Federal Circuit, District Courts must consider whether "inconvenience or unfairness is alleged to arise from the claims proceeding together," and if so, "courts must exercise their discretion to decide whether the claims should be severed under Rule 21." *In re Nintendo*, 544 F. App'x at 938. "'[E]ven if a plaintiff's claims arise out of the same transaction and there are questions of law and fact common to all defendants,' joinder may still be refused 'in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness.'" *Id.* at 939 (quoting *In re EMC*, 677 F.3d at 1360).

In this case, Foras's counterclaims as to the '781 and '302 patents do *not* arise out of the same transaction or occurrence as its counterclaim as to the '958 patent. Foras accuses separate vehicles of infringing separate patents based on their inclusion of entirely separate components. The '781 and '302 patent claims rest on an AURIX TC377TP chip found in a third-party camera allegedly incorporated into BMW's iX. *See* Dkt. 10 at 13 (¶ 22), 19–20 (¶ 34). Foras's '958 patent claims are based on a TriCore TC29XX chip purportedly found in Bosch's electronic control units

5

and allegedly incorporated into a different set of BMW cars. *Id.* at 9 (¶ 11). These distinct claims will require different discovery—including different third-party confidential documents and different witnesses for depositions. *See, e.g.*, *Ameranth, Inc. v. Pizza Hut, Inc.*, No. 11-CV-1810 JLS (NLS), 2012 WL 3223694, at *3 (S.D. Cal. Aug. 6, 2012) ("[J]oinder is not appropriate where different products or processes are involved." (quoting *In re EMC*, 677 F.3d at 1359)). They will impact different claim terms, and they will raise different issues for trial. Foras's allegations as to the '781 and '302 patents have no connection to Bosch, Bosch's Complaint, or Foras's counterclaims alleging infringement of claim 19 of the '958 patent. *See Williamson v. Citrix Online LLC*, No. CV 11-2409 AHM (JEMx), 2012 WL 2523827, at *3 (C.D. Cal. June 29, 2012) (finding joinder improper based on prejudice "to defendants by denying them the opportunity to present individualized defenses, including on issues of infringement and on questions of claim construction"). The distinct witnesses and documentary proof likely to be required as a result justify severing the sole counterclaim asserted against Bosch, lest the addition of two additional patents unrelated to Bosch render the case unwieldy and unfair to Bosch. *See, e.g.*, *In re EMC*, 677 F.3d at 1360.

Moreover, as explained below, the stay factors highly favor staying Foras's counterclaims as to the '958 patent pending the USPTO's active review of each claim of that patent. To the extent the entire case is not stayed,[3] allowing Foras's counterclaims as to the '958 patent to proceed simply because Foras has also asserted the '781 and '302 patents against BMW would be counter to the Federal Circuit's mandate to safeguard the principles of fundamental fairness. Neither Bosch

---

[3] Bosch does not oppose the relief requested by BMW. Dkt. 30. To the extent BMW's motion to stay the entire case is granted, Bosch submits that there is no need for the Court to resolve its instant motion to sever prior to the stay.

6

nor the Court should be forced to expend resources determining Bosch's alleged infringement of claims likely to be modified or cancelled through post-grant proceedings merely because Foras has accused another company's unrelated products of infringing different patents. *See, e.g.*, *In re Nintendo*, 544 F. App'x at 939; *Digitech Image Techs., LLC v. Agfaphoto Holding GmbH*, No. 8:12-cv-1153-ODW(MRWx), 2012 WL 4513805, at *4 (C.D. Cal. Oct. 1, 2012) (severing allegations as to supplier from allegations as to retailer because the latter related to a separate, downstream transaction). For those reasons, judicial efficiency in the Court's evaluation of the '958 patent and the principles of fairness favor severing Foras's allegations as to the '958 patent from its allegations as to the '781 and '302 patents asserted against BMW only.

IV.  **THIS COURT SHOULD STAY FORAS'S ALLEGATIONS AS TO THE '958 PATENT BECAUSE (1) FORAS WILL NOT FACE UNDUE PREJUDICE, (2) THIS CASE IS IN ITS RELATIVE INFANCY, AND (3) A STAY WILL SIMPLIFY THIS CASE**

This Court retains the broad, inherent authority to stay proceedings to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Courts in this District consider three factors in deciding whether to issue a stay under their inherent authority: (1) whether a stay would unduly prejudice the nonmoving party; (2) the stage of the litigation; and (3) whether the stay would simplify the issues before the Court. *Centripetal Networks, LLC v. Keysight Techs., Inc.*, No. 2:22-CV-00002, 2023 WL 5127163, at *3 (E.D. Va. Mar. 20, 2023) (citing *In re TLI Commc'ns LLC*, No, 1:14md2534, 2014 WL 12615711, at *1 (E.D. Va. Aug. 11, 2014)).

In this regard, "a stay is appropriate where the benefits of a stay clearly and convincingly outweigh potential harm to the parties against whom the stay is operative." *Advanced Training Grp. Worldwide, Inc. v. Proactive Techs. Inc.*, No. 20-cv-646, 2020 WL 6595212, at *2 (E.D. Va.

Oct. 19, 2020) (citing *Williford v. Armstrong World Indus., Inc.*, 715 F.2d 124, 127 (4th Cir. 1983)).

The Court should stay this case because all factors favor a stay. *First*, a stay will not unduly prejudice Foras because it sells no products. Thus, any harm that Foras may argue it would incur from a stay can be remedied through monetary damages. *Second*, this litigation is in its early stages. Fact discovery only just opened, neither party has responded to discovery requests or produced documents, and claim construction has not started or even been scheduled. Neither the parties nor the Court will face a significant burden because substantial resources have not been invested in this case. *Third*, there is a substantial likelihood of simplification of this litigation. The USPTO is reviewing all claims of the '958 patent, either in instituted *inter partes* review proceedings or active *ex parte* reexamination. And further *inter partes* review proceedings have been filed against claims of the '958 patent for which *inter partes* review is not yet instituted. These proceedings will likely reduce or potentially eliminate any burden parallel litigation would otherwise impose, conserving both party and judicial resources.

### A.   Factor One: A Stay Will Not Unduly Prejudice Foras

A stay will not unduly prejudice Foras because it is a nonpracticing entity seeking only monetary damages. Dkt. 10 at 25–26, Prayer for Relief. Yet, a mere delay in collecting monetary damages does not constitute undue prejudice. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014). Indeed, as a nonpracticing entity, Foras does not directly compete with Bosch. Thus, Foras "has no reasonable basis for requesting or recovering anything other than monetary damages in this case, which, of course, can be determined regardless of any delay attributable to a stay." *In re TLI Commc'ns LLC*, No. 1:14md2534, 2014 WL 12615711, at *2 (E.D. Va. Aug. 11, 2014).

To the extent Foras argues it will suffer evidentiary prejudice because relevant witnesses' memories will fade and relevant documents may be lost, the Federal Circuit has made clear that by itself, the passage of time is not sufficient to conclude that the nonmoving party will suffer evidentiary prejudice. *VirtualAgility*, 759 F.3d at 1319 ("It is undoubtedly true, as many courts have observed, that with age and the passage of time, memories may fade and witnesses may become unavailable. Without more, however, these assertions . . . are not sufficient to justify a conclusion of undue prejudice."). Further, two rules, Fed. R. Civ. P. 27 and 37(e), address these concerns. *See id.* (finding that Fed. R. Civ. P. 27, which allows for the perpetuation of testimony, cuts against an argument against a stay); Fed. R. Civ. P. 37(e) (allowing courts to cure prejudice when a party fails to take steps to preserve electronically stored information in anticipation of litigation).

Factor One weighs in favor of a stay.

### B. Factor Two: A Stay Is Warranted Because This Case Is in Its Early Stages with Significant Investment Yet to Occur

"The stage of the litigation weighs in favor of a stay when the motion is filed early in the proceedings—before a trial date or *Markman* hearing is set—and discovery has not been substantially completed." *Centripetal Networks*, 2023 WL 5127163, at *4. Courts consider the current progress of fact and expert discovery, progress of claim construction, and time until trial, and acknowledge that the "primary cost of litigation is incurred pretrial and in a trial on the merits." *Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1004 (Fed. Cir. 2015). This case is in its relative infancy, with the resource-intensive milestones for both the Court and parties still far away—maximizing the benefits of a stay. Staying a case at an early juncture advances judicial efficiency and maximizes the likelihood that neither the Court nor the parties expend resources addressing invalid claims. *See Gibbs v. Plain Green, LLC*, 331 F. Supp. 3d 518, 528 (E.D. Va. 2018)

9

(indicating that "[w]hen courts *do* grant a stay, it is often early in litigation, to minimize prejudice to either party"); *see also Clinton v. Gov't Emps. Ins. Co.*, No. 2:16cv430, 2016 WL 9308421, at *2 (E.D. Va. Nov. 23, 2016) (granting a stay before significant efforts into fact discovery).

Courts in this District routinely grant stays when the litigation is in its early stages, like here where discovery has just opened and claim construction not begun or not been scheduled. *See Audio MPEG, Inc. v. Hewlett-Packard Co.*, No. 2:15cv73, 2015 WL 5567085, at *4 (E.D. Va. Sept. 21, 2015); *Sharpe Innovations, Inc. v. T-Mobile USA, Inc.*, Nos. 2:17-cv-351, -412, 2018 WL 11198604, at *3 (E.D. Va. Jan. 10, 2018) (finding this factor neutral when a Fed. R. Civ. P. 16(b) scheduling order had been entered, trial was not scheduled to begin for eight months, discovery had barely begun, and a *Markman* hearing was one month away, but the claim construction briefing had not been substantially completed); *Gibbs*, 331 F. Supp. 3d at 528 ("When courts *do* grant a stay, it is often early in litigation, to minimize prejudice to either party."); *see also VirtualAgility*, 759 F.3d at 1317. And because the issues in the post-grant proceedings on the '958 patent and this case are identical—the validity of the asserted claims—the instant case would be duplicative. *See Buzzell v. JP Morgan Chase Bank*, No. 3:13-CV-668, 2015 WL 5254768, at *3 (E.D. Va. Sept. 9, 2015), *aff'd*, 642 F. App'x 267 (4th Cir. 2016) (per curiam).

Absent a stay here, the parties will expend substantial resources pursuing fact and expert discovery, briefing and arguing dispositive motions, preparing pre-trial motions and submissions, engaging in trial preparation, and going to trial for claims that the USPTO will likely invalidate. More importantly, the Court is likely to invest substantial time and resources on claim construction, hearings, discovery disputes, motions practice, pre-trial conferences, and trial. Given the high likelihood that the *inter partes* review and *ex parte* reexamination proceedings will impact each claim of the '958 patent, as discussed below, a stay is justified to avoid needless waste of

judicial and party resources. Indeed, proceeding with the merits of this case would cause the "waste of time, energy and money" that the Federal Circuit has cautioned against. *See In re EMC Corp.*, 501 F. App'x 973, 975–76 (Fed. Cir. 2013) (citation omitted).

Factor Two weighs in favor of a stay.

### C. Factor Three: A Stay Will Simplify the Issues Before This Court Because Invalidity Issues Will Be Disposed of at the USPTO

"A stay pending the resolution of administrative proceedings will simplify matters before the district court if the administrative proceedings have the potential to dispose of claims entirely." *Centripetal Networks*, 2023 WL 5127163, at *4 (citing *VirtualAgility*, 759 F.3d at 1314). Here, where every claim of the '958 patent is under review, a stay is likely to drastically simplify the issues and possibly even eliminate trial, thereby reducing the burden on the Court and the parties. Additionally, even if the administrative proceedings do not dispose of every claim, a stay may simplify matters if it allows the administrative proceedings time to build a record that assists the district court's claim construction analysis. *In re TLI Commc'ns*, 2014 WL 12615711, at *2.

Recent studies regarding success rates at the USPTO demonstrate why the stay requested here is likely to simplify the issues. Approximately 78.4% of the challenged claims of granted *ex parte* reexaminations are invalidated or amended. Ex. 4 at 2.[4] Likewise, the USPTO's statistics show that in FY2023, the USPTO invalidated approximately 77.7% of claims in *inter partes* reviews that reached final written decision. Ex. 5 at 13.[5] Thus, a stay that allows for resolution of

---

[4] available at https://www.uspto.gov/sites/default/files/documents/ex_parte_historical_stats_.pdf. The statistics show 1696 Certificates with all claims canceled, 8012 Certificates with claims changed, and 12,383 total *ex parte* reexamination Certificates issued. *See* Ex. 4 at 2. These numbers yield: (1,696 + 8,012) / 12,383 = 78.4%.
[5] available at https://www.uspto.gov/sites/default/files/documents/ptab_aia_fy2023__roundup.pdf The Board's statistics show 1,691 "Patentable" claims compared to 5,894 "Unpatentable" claims at final written decision, after removing claims that were disclaimed or not considered due to settlement. *See* Ex. 5 at 13. These numbers yield: 5,894 / (1,691 + 5,894) = 77.7%.

11

the pending *ex parte* reexamination and *inter partes* review proceedings could significantly simplify, if not completely resolve, the instant case. *See VirtualAgility*, 759 F.3d at 1314; *see also Sharpe Innovations*, 2018 WL 11198604, at *3 (finding that "the 'simplification factor weighs heavily in favor of the stay' when the petitioner challenges all patent claims brought by the plaintiff" (quoting *Audio MPEG*, 2015 WL 5567085, at *3)).

Additionally, even if the proceedings do not dispose of the only patent claim at issue against Bosch, validity issues would still be streamlined because the USPTO's final written decisions in *inter partes* reviews have preclusive effect. Once the Board issues a final written decision on a patent claim, the petitioner is barred from asserting "that the claim is invalid on any ground that the petitioner raised or reasonably could have raised during that inter partes review" in a subsequent civil action. 35 U.S.C. § 315(e)(2). Therefore, even if some of Foras's claims survive Bosch and BMW's *inter partes* review, following the Final Written Decision, Bosch may not raise any claim that it raised or could reasonably have raised in its Petition. *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 991 (Fed. Cir. 2022) ("[E]stoppel applies not just to claims and grounds asserted in the petition and instituted for consideration by the Board, but to all grounds not stated in the petition but which reasonably could have been asserted against the claims included in the petition."), *cert. denied*, 143 S. Ct. 2658 (2023).

Likewise, claim construction would be simplified because a record is being built in the administrative proceedings that will assist in the district court's claim construction analysis. *In re TLI Commc'ns*, 2014 WL 12615711, at *2. Bosch and BMW have proposed constructions for two claim terms in the '958 patent IPR Petition. Ex. 6 at 16–19. The USPTO is therefore likely to engage in claim construction in its Final Written Decision, which may be helpful for this Court's consideration of the same or similar terms during claim construction. Indeed, any statements by

Foras regarding claim scope become part of the intrinsic record and may serve as disclaimer, meaning the Court might need to re-engage in claim construction should Foras later narrow its claims during the *inter partes* review or *ex parte* reexamination. *See CUPP Computing AS v. Trend Micro Inc.*, 53 F.4th 1376, 1383 (Fed. Cir. 2022); *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1361 (Fed. Cir. 2017). Thus, regardless of the outcome of the *inter partes* review and *ex parte* reexamination proceedings, the scope of the parties' disputes before this Court will be narrowed by a stay.

Moreover, Bosch has a pending Motion to Dismiss before this Court. Dkt. 27. Should the Court stay the case pending the outcome of the *inter partes* reviews and *ex parte* reexamination, it may not ultimately have to rule on this Motion to Dismiss. Instead, it could either avoid the Motion altogether or rule on a limited subset of issues depending on which (if any) claims survive *inter partes* review and *ex parte* reexamination. This would simplify the Motion to Dismiss for the Court, and possibly dispose of it entirely, conserving judicial resources.

For at least those reasons, the Court should stay this case and prevent the parties from unnecessarily expending further valuable resources while the USPTO reviews the claims. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1371–72 (Fed. Cir. 2014) (staying district court proceedings on mandamus where subset of asserted claims were subject to covered business method review), *vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015).

Factor Three weighs in favor of a stay.

**V.    CONCLUSION: SEVERING AND STAYING IS NECESSARY TO AVOID WASTING RESOURCES**

For at least the foregoing reasons, Bosch respectfully requests that the Court sever Foras's infringement allegations as to the '958 patent. Bosch further requests that the Court stay the case as to the '958 patent (whether severed or not) pending final resolution of the USPTO proceedings presently pending against the '958 patent.

Dated: June 28, 2024

Respectfully submitted,

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

*Attorney for Plaintiff
Robert Bosch GmbH*

14

## CERTIFICATE OF SERVICE

I hereby certify that on June 28, 2024, I caused the foregoing **PLAINTIFF ROBERT BOSCH GMBH'S BRIEF IN SUPPORT OF OPPOSED MOTION TO SEVER AND STAY** to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record.

*/s/Lionel M. Lavenue*
Lionel M. Lavenue
Virginia Bar No. 49,005
lionel.lavenue@finnegan.com
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA 20190
Phone: (571) 203-2700
Fax: (202) 408-4400

*Attorney for Plaintiff*
*Robert Bosch GmbH*