**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, et al., | Case No. 1:24-cv-00363-LMB-WEF |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| FORAS TECHNOLOGIES LTD., | |
| Defendant. | |

**DEFENDANT FORAS TECHNOLOGIES LTD.'S OPPOSITION TO PLAINITFF
BAYERISCHE MOTOREN WERKE AG'S MOTION TO STAY**

**TABLE OF CONTENTS**

I.  INTRODUCTION ............................................................................................................... 1

II.  FACTUAL BACKGROUND ........................................................................................... 3

III.  LEGAL STANDARD ..................................................................................................... 4

IV.  ARGUMENT .................................................................................................................. 5

    A.  A Stay Will Unduly Prejudice Foras ...................................................................... 5

    B.  The Stage Of The Case Does Not Warrant A Stay .................................................. 9

    C.  A Stay Will Not Simplify The Issues In This Case ............................................... 11

        i.  The '958 IPR proceedings will not result in simplification ......................... 11

        ii.  The EPR proceedings will not result in simplification ............................... 14

V.  CONCLUSION .............................................................................................................. 15

# TABLE OF AUTHORITIES

**Cases**

*Allure Energy, Inc. v. Nest Labs, Inc.*,
   No. 9-13-CV-102, 2015 WL 11110606 (E.D. Tex. Apr. 2, 2015) ........................................ 6, 7

*Allvoice Devels. US, LLC v. Microsoft Corp.*,
   No. 6:09-CV-366, 2010 WL 11469800 (E.D. Tex. June 4, 2010) ........................................ 7

*BarTex Research, LLC v. FedEx Corp.*,
   611 F. Supp. 2d 647 (E.D. Tex. 2009) .................................................................................... 7

*Chrimar Sys., Inc. v. Adtran, Inc.*,
   No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802 (E.D. Tex. Aug. 1, 2016) ........................... 9

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................................................. 5

*CloudofChange, LLC v. Lightspeed POS Inc.*,
   No. 6:21-CV-01102, 2023 WL 3467787 (W.D. Tex. May 15, 2023) ..................................... 5

*Continental Automotive Sys. Inc. v. Hamaton Auto. Tech. Co. Ltd. & Johndow Indus. Inc.*,
   No. 2:16-cv-226 (E.D. Va. Feb. 7, 2017) .............................................................................. 11

*Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd., et al.*,
   No. 2:21-cv-00033-JRG, Dkt. No. 64 (E.D. Tex. Feb. 22, 2023).......................................... 14

*Force Mos Tech., Co., Ltd. v. Asustek Comp., Inc.*,
   No. 2:22-cv-00460-JRG, Dkt. No. 74 (E.D. Tex. April 10, 2024) .......................................... 9

*Gebo Cermex USA, Inc., et al., v. Alliance Industrial Corp.*,
   No. 6:18-cv-00080 (W.D. Va. Nov. 27, 2019) ........................................................................ 9

*Impinj, Inc. v. NXP USA, Inc.*,
   No. 6:21-CV-00530-ADA, 2023 WL 7476358 (W.D. Tex. May 18, 2023) ...................... 6, 14

*In re TLI Commc'ns LLC*,
   No. 1:14-md-2534, 2014 WL 12615711 (E.D. Va. Aug. 11, 2014) ........................................ 5

*Intell. Ventures II LLC v. FedEx Corp.*,
   No. 2:16-CV-00980-JRG, 2017 WL 4812434 (E.D. Tex. Oct. 24, 2017)............................... 13

*LG Elecs., Inc. v. Eastman Kodak Co.*,
   No. 09-CV-0344H(BLM), 2009 WL 1468703 (S.D. Cal. May 26, 2009) ............................... 8

*Maxell Ltd. v. Apple Inc.*,
   No. 5:19-CV-00036-RWS, 2020 WL 10456915 (E.D. Tex. Apr. 27, 2020)....................... 9, 13

*Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*,
  No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019) ................. 6

*MyPort, Inc. v. Samsung Elecs. Co., Ltd., et al.*,
  No. 2:22-cv-00114-JRG, Dkt. No. 73 (E.D. Tex. June 13, 2023) ....................................... 7, 12

*Peloton Interactive, Inc. v. Flywheel Sports, Inc.*,
  No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051 (E.D. Tex. Aug. 14, 2019).................... 12

*Pinn, Inc. v. Apple, Inc.*,
  No. SA CV-19-01805-DOC-JDE, 2020 WL 6064642 (C.D. Cal. Aug. 27, 2020) ................... 7

*Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*,
  No. W-20-CV-00969-ADA, 2022 WL 4240937 (W.D. Tex. Aug. 16, 2022)......................... 13

*Scorpcast, LLC v. Boutique Media Pty Ltd.*,
  No. 2:20-CV-00193-JRG-RSP, 2020 WL 7631162 (E.D. Tex. Dec. 22, 2020)..................... 13

*Segin Sys., Inc. v. Stewart Title Guar. Co.*,
  30 F. Supp. 3d 476 (E.D. Va. 2014) ...................................................................... 11

*Smart Mobile Techs. LLC v. Samsung Elecs. Co. Ltd., et al.*,
  No 6:21-cv-00701-ADA, Dkt. No. 115 (W.D. Tex. Aug, 8, 2023)......................................... 12

*Solas OLED Ltd. v. Samsung Display Co., Ltd.*,
  No. 2:21-cv-00104-JRG, Dkt. No. 75 (E.D. Tex. Feb. 22, 2022)..................................... 14, 15

*Sonrai Memory Ltd. v. LG Elecs. Inc. et al.*,
  No. 6:21-cv-00168-ADA, 2022 WL 2307475 (W.D. Tex. June 27, 2022) .............................. 7

*Trover Group, Inc. v. Dedicated Micros USA*,
  No. 2:13-cv-1047-WCB, 2015 U.S. Dist. LEXIS 29572 (E.D. Tex. March 11, 2015)........... 10

*Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*,
  No. 6:12-CV-221-LED-JDL, 2014 WL 4494479 (E.D. Tex. Jan. 14, 2014) ........................... 6

*USC IP P'ship, L.P. v. Facebook, Inc.*,
  No. 6-20-CV-00555-ADA, 2021 WL 6201200 (W.D. Tex. Aug. 5, 2021) ....................... 5, 12

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
  759 F.3d 1307 (Fed. Cir. 2014)................................................................................ 8

## **Statutes**

35 U.S.C. § 305.................................................................................................... 3

35 U.S.C. § 315.................................................................................................... 12

35 U.S.C. § 316............................................................................................... 4, 10

**<u>Rules</u>**

Fed. R. Civ. P. 16.................................................................................................................... 9

## I.    INTRODUCTION

The gamesmanship of plaintiff Bayerische Motoren Werke AG ("BMW") and co-plaintiff Robert Bosch GmbH ("Bosch") (collectively, "Plaintiffs") should not go unnoticed.  In relevant part, Defendant Foras Technologies Ltd. ("Foras") first filed suit against Plaintiffs over a year ago in the Western District of Texas ("Texas Action").  Since then, much has happened:

- on September 8, 2023, Plaintiffs requested *inter partes* review ("IPR") of the Asserted Patent;

- on March 6, 2024, Plaintiffs initiated this case by filing a declaratory judgment action in this Court;

- on March 20, 2024, the PTAB instituted IPR of the Asserted Patent;

- on March 26, 2024, Plaintiffs filed a motion to stay the Texas Action which was then granted on April 22, 2024.

Plaintiffs, however, waited until June 28, 2024 to file motions to stay in this case.  That is **three months** after the PTAB instituted the IPR and more than a month after the Texas Action was already stayed.  Though it remains unclear why Plaintiffs are moving to stay this case at all (considering *Plaintiffs* are the ones who initiated it), at the very least, Plaintiffs should have moved to stay this case at the same time it moved to stay the Texas Action, *i.e.,* right after the IPR was instituted.  But Plaintiffs chose to sit on their hands and waited while Foras prepared its answer, initial discovery, and infringement contentions.  Plaintiffs' gamesmanship should not be rewarded.

BMW's Motion to Stay this case should be denied.  *See* Dkt. No. 31 ("Mot." or "Motion").  BMW should not now be permitted to turn around and place this litigation on a multi-year hold, which only serves to prevent the timely adjudication of Foras' patent rights at the jury trial anticipated for later this year.  All three factors weigh against granting BMW's Motion to Stay.

First, granting BMW's requested stay will unduly prejudice Foras' right to timely enforcement of its patent rights through its counterclaims for patent infringement.[1]  It will take *years* to resolve the ongoing IPR and EPR proceedings for the three asserted patents—especially considering the PTAB's recent order staying the EPR proceedings for the '958 patent pending the outcome of the IPR proceedings for the '958 patent.  Given the substantial amount of time for the IPR and EPR proceedings to conclude through all appeals, there is a real risk that witnesses will become unavailable and important evidence in the hands of third-parties (such as source code and other technical documents) will be lost.  The prejudice to Foras that would result from an indefinite stay weighs against granting BMW's Motion.

Second, the stage of this case does not weigh in favor of a stay.  BMW filed this case back in March 2024 knowing at the time that the '958 IPR Petition (which BMW also filed) was pending and that the EPR proceedings for all three patents were ongoing.  Since then, significant progress has been made in this case, including that all major deadlines have been set and initial discovery has been served.  BMW cannot now argue that this case is in its infancy and should be stayed.  Rather, following the Court's planned schedule in this case will resolve all of the parties claims and defenses before the end of this year, prior to resolution of *any* of the IPR or EPR proceedings.  Accordingly, this Court can and should move forward with this case as scheduled.  This weighs against granting a stay.

Third, and most importantly, BMW fails to demonstrate that a stay will actually result in simplification of the issues in this case.  Instead, BMW relies on general PTAB statistics without addressing the substantive merits of any of the invalidity challenges.  But BMW glosses over

---

[1] Foras asserts U.S. Patent Nos. 7,502,958 ("the '958 patent"), 7,624,302 ("the '302 patent"), and 7,627,781 ("the '781 patent") against BMW (collectively, "the Asserted Patents").  Foras asserts only the '958 patent against Bosch.

several critical facts that weigh against granting its requested stay—notably, for example, that only a subset of the asserted claims of the '958 patent are being challenged in the '958 IPR and that only 5 of 15 asserted claims of the '302 patent are being challenged in any capacity. Regardless of what happens in the IPR and EPRs proceedings, at least 10 asserted claims will remain in this case for adjudication before this Court. This weighs against granting BMW's Motion.

Justice dictates that this case proceed according to the Court's Scheduling Order, which resolves all claims and defenses by the end of this year. BMW's Motion should be denied.

## II.    FACTUAL BACKGROUND

On May 19, 2023, Foras filed suit against BMW and Bosch in the Western District of Texas alleging infringement of the '958 Patent. Case No. 6:23-cv-00386-RP (W.D. Tex.). On September 1, 2023, an *ex parte* reexamination of the '958 Patent ("the '958 EPR") was requested by non-party Unified Patents, LLC. Unified Patents, LLC also requested *ex parte reexamination* of the '781 and '302 Patents ("the '781 EPR" and "the '302 EPR"). On September 8, 2023, BMW and Bosch filed a petition for *inter partes* review of the '958 Patent (Case No. IPR2023-01373 (P.T.A.B.)). On October 10, 2023, the Central Reexamination Unit ("CRU") granted the request to initiate the '781 EPR, on October 17, 2023, the CRU granted the request to initiate the '302 EPR, and on November 29, 2023, the CRU granted the request to initiate the '958 EPR.

On February 20, 2024, the CRU issued a Non-Final Office Action in the '781 proceeding ("the '781 EPR"), on February 23, 2024, the CRU issued a Non-Final Office Action in the '302 EPR , and on March 19, 2024, the CRU issued a Non-Final Office Action in the '958 EPR. Foras responded to the CRU's Non-Final Office Actions on May 19th and 20th. There is no statutory deadline for the conclusion of any of the three reexamination proceedings. 35 U.S.C. § 305.

On March 6, 2024, BMW Bosch filed this declaratory judgment action.  Dkt. No. 1.  On March 20, 2024, the PTAB instituted IPR of claims 1-8 and 13-22 of the '958 Patent.  This *inter partes* review only includes 9 of the 16 of the asserted claims of the '958 Patent.  The PTAB is expected to enter its Final Written Decision by March 20, 2025, but may extend that deadline by no more than 6 months.  35 U.S.C. § 316 (a)(11).  An appeal of that decision would be presented to the Federal Circuit Court of Appeals which may take another 12 months or more.

On March 26, 2024, BMW and Bosch filed a Motion to Stay the litigation in the Western District of Texas.  *See* Case No. 6:23-cv-00386-RP, Dkt. No. 37.  On April 22, 2024, the Court in the Western District of Texas granted BMW's Motion to Stay.  *See id.* at Dkt. No. 43.

Fact discovery opened in this case on May 29, 2024 and Foras filed its Amended Answer and Counterclaims on May 30, 2024.  On June 21, 2024, the Patent Trial and Appeal Board ("PTAB") issued an Order Staying the '958 EPR.  *See* Case No. IPR2023-01373, Paper 15.  On June 28, 2024, BMW filed this Motion to Stay.

On July 3, 2024, Foras served its asserted claims and infringement contentions.[2]  Plaintiffs' invalidity contentions are due on July 24, 2024, expert disclosures are due in September 2024, discovery closes on October 11, 2024, the pretrial conference is set for October 17, 2024, and trial is tentatively set for end of 2024.  *See* Dkt. 26 (adopting joint proposed deadlines in Dkt. 13); Dkt. No. 9.

## III.  LEGAL STANDARD

When resolving a motion to stay patent litigation pending administrative proceedings, district courts in this district consider three factors: "(i) the stage of the litigation, including whether

---

[2] Foras asserts claims 1-6, 8-12, 19-20, and 23-25 of the '958 patent, claims 1-10 and 21-25 of the '302 patent, and claims 1-7, 9-15, 16-20, 22-23, and 25-30 of the '781 patent against BMW.

discovery is complete and a trial date is scheduled, (ii) whether a stay would simplify the matters at issue, and (iii) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *In re TLI Commc'ns LLC*, No. 1:14-md-2534, 2014 WL 12615711, at *1 (E.D. Va. Aug. 11, 2014) (internal citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.    ARGUMENT

### A.    A Stay Will Unduly Prejudice Foras.

Staying this case for several years pending resolution of the '958 patent IPR and EPR proceedings of all three Asserted Patents is unduly prejudicial to Foras and puts it at a tactical disadvantage. First, granting the multi-year stay requested by BMW will unduly prejudice Foras' "'interest in the timely enforcement of its patent right.'" *USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6-20-CV-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021) (citation omitted). This is true even though Foras has only sought monetary relief. *Id.* "The Federal Circuit has long held that '[r]ecognition must be given to the strong public policy favoring expeditious resolution of litigation.'" *CloudofChange, LLC v. Lightspeed POS Inc.*, No. 6:21-CV-01102, 2023 WL 3467787, at *3 (W.D. Tex. May 15, 2023) (citation omitted). Thus, "when granting a stay pending resolution of another case, the court must consider the time expected for resolution of that case. The resultant stay must not be of immoderate or indefinite duration." *Id.* BMW's requested stay of several years is "of immoderate of indefinite duration."

The prejudice to Foras in this case is magnified by the fact that BMW seeks to stay these proceedings well beyond the jury trial in this case which is expected to occur before the end of 2024. Dkt. Nos. 9 (ordering the Final Pretrial Conference for October 17, 2024 and setting trial

for a date within 4-8 weeks of the final pretrial conference).   Neither the IPR nor the EPR proceedings will conclude prior to that trial date.

Regarding the IPR of the '958 patent, a Final Written Decision is first expected on March 20, 2025, which is then subject to appeals that will prolong a final adjudication into mid/late-2026, years after the scheduled jury trial.  *See Multimedia Content Mgmt. LLC v. Dish Network L.L.C.*, No. 6:18-CV-00207-ADA, 2019 WL 11706231, at *2 (W.D. Tex. May 30, 2019) (noting the length of appeal and the statutory scheme's provision for delaying a FWD by six months if necessary); *Unifi Sci. Batteries, LLC v. Sony Mobile Commc'ns AB*, No. 6:12-CV-221-LED-JDL, 2014 WL 4494479, at *2 (E.D. Tex. Jan. 14, 2014) ("if [petitioner] is dissatisfied with the PTAB's decision regarding the IPR, it may then appeal the decision to the Federal Circuit, potentially delaying the case even longer."); *see also Allure Energy, Inc. v. Nest Labs, Inc.*, No. 9-13-CV-102, 2015 WL 11110606, at *1 (E.D. Tex. Apr. 2, 2015) ("[a]fter the IPR decision[s] issue[], the possibility of appeal further prolongs the final resolution of this matter.").   Given that the Final Written Decision in the '958 IPR is not expected until March 2025, and then is subject to appeals, resolution of Foras' patent infringement claims may not be resolved for several years, much past the anticipated trial date in this case.   *See Multimedia Content Mgmt*, 2019 WL 11706231, at *2 ("a stay will prejudice MCM by depriving it of a timely jury trial in the summer of 2020.").

The EPR proceedings will also extend far beyond a 2024 trial date.  Each EPR takes, on average, 25.7 months to complete.  *See Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *2 (W.D. Tex. May 18, 2023) ("Staying proceedings until the PTO completes reexamination, which takes 25.7 months on average, may significantly delay any relief NXP may be entitled to as the PTO is not projected to complete reexamination until September 2024.").  For the '781 and '302 EPRs, that means they will not be completed until late 2025, at the

earliest.  For the '958 EPR, the prospect of completion is even further in the distance in light of the PTAB's recent stay of the '958 EPR proceedings.  In fact, the '958 EPR will have approximately 18+ months to completion *after* resolution or termination of the '958 IPR pushing completion of the '958 EPR well into 2026 at the earliest.  There is no doubt that Foras' patent rights will be adjudicated more expeditiously by continuing with this case according to the Court's Scheduling Order.  *See MyPort, Inc. v. Samsung Elecs. Co., Ltd., et al.*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 2-4 (E.D. Tex. June 13, 2023) (finding that the plaintiff "would be prejudiced by a delay in its ability to vindicate its patent rights caused by a stay" which "could delay the case by nearly two years"); *BarTex Research, LLC v. FedEx Corp.*, 611 F. Supp. 2d 647, 651 (E.D. Tex. 2009) (finding that a stay pending *inter partes* reexamination would unduly prejudice plaintiff from enforcing its rights for 6.5 years).

Second, a "stay also tactically disadvantages [Foras], as the longer this matter persists, the more likely it is that evidence and witnesses' memories will disappear or deteriorate." *Allure Energy*, 2015 WL 11110606, at *1; *Allvoice Devels. US, LLC v. Microsoft Corp.*, No. 6:09-CV-366, 2010 WL 11469800, at *4 (E.D. Tex. June 4, 2010) (holding that a stay of ten months would "create a substantial delay that could cause prejudice by preventing Plaintiff from moving forward with its infringement claims and by risking the loss of evidence as witnesses become unavailable and memories fade"); *see also Sonrai Memory Ltd. v. LG Elecs. Inc. et al.*, No. 6:21-cv-00168-ADA, 2022 WL 2307475 at *2 (W.D. Tex. June 27, 2022) (explaining that a "stay risks the loss of testimonial and documentary evidence potentially valuable to [plaintiff]'s case"); *Pinn, Inc. v. Apple, Inc.*, No. SA CV-19-01805-DOC-JDE, 2020 WL 6064642, at *2 (C.D. Cal. Aug. 27, 2020) ("if this litigation is postponed for potentially years, it will become more difficult to prove its case, as 'witnesses may become [un]available, their memories may fade, and evidence may be lost.'").

In this case, some of the most critical evidence will be source code and technical documents related to the chipsets used in the accused products that are likely in the possession of third parties, such as Infineon. *See, e.g.*, Dkt. No. 10-2 (Claim Chart attached to Amended Complaint) at p. 4 (citing to Infineon User Manual for the TC29x Chipset); *see also, e.g.*, *LG Elecs., Inc. v. Eastman Kodak Co.*, No. 09-CV-0344H(BLM), 2009 WL 1468703, at *2 (S.D. Cal. May 26, 2009) ("unavoidable risk" of loss of evidence is greater where such evidence is in the hands of third-party suppliers). That risk is exacerbated here by the fact that BMW's requested stay will last years. Notably, it is further exacerbated by the fact that BMW already successfully stayed the litigation in Texas preventing Foras from seeking and obtaining the necessary discovery in that case. BMW now seeks to prevent Foras from obtaining that evidence once again in this action which BMW initiated in the first place. This type of gamesmanship is extremely prejudicial to Foras and should not be rewarded.

Citing to the Federal Circuit's decision in *VirtualAgility*, BMW asserts that "the passage of time is not sufficient to conclude that the nonmoving party will suffer evidentiary prejudice." Mot. at 6. But that case is inapposite. In that case, the plaintiff argued that there was a risk of witness loss merely because certain witnesses were in their 60's or 70's. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1319 (Fed. Cir. 2014). The Federal Circuit explained that "[w]ithout more… these assertions here are not sufficient to justify a conclusion of undue prejudice." *Id.* In contrast, here, there is an increased risk that technical documents and source code information in the possession and control of third parties will be lost or be more difficult to obtain with the passage of time. This risk is not mere conjecture given the importance of discovery from third-parties (such as Infineon) in this action.

BMW also argues that the requested stay "will not unduly prejudice Foras because it is a nonpracticing entity seeking only monetary damages." Mot. at 5. But the fact that Foras does not produce products or compete in the same industry as BMW does not diminish the prejudice to Foras. *See Force Mos Tech., Co., Ltd. v. Asustek Comp., Inc.*, No. 2:22-cv-00460-JRG, Dkt. No. 74 at 3-4 (E.D. Tex. April 10, 2024) (explaining that it is "not persuaded by [the] argument that because [Plaintiff] is not a competitor of [Defendant], a delay to this litigation will result in no prejudice to [Plaintiff]."); *see also Maxell Ltd. v. Apple Inc.*, No. 5:19-CV-00036-RWS, 2020 WL 10456915, at *2 (E.D. Tex. Apr. 27, 2020) ("The mere fact that [Maxell] is not currently practicing the patents does not mean that, as a matter of law, it is not prejudiced by a substantial delay of an imminent trial date."). Thus, "[t]he fact that [Foras] does not sell products that compete with [BMW] would not preclude [Foras] from experiencing prejudice if the Court granted [BMW's] motion to stay." *Chrimar Sys., Inc. v. Adtran, Inc.*, No. 6:15-CV-618-JRG-JDL, 2016 WL 4080802, at *2 (E.D. Tex. Aug. 1, 2016).

For all the reasons described above, this factor weighs against granting a stay.

## B.    The Stage Of The Case Does Not Warrant A Stay.

Contrary to BMW's assertions, this case is not in its infancy. BMW and Bosch filed this declaratory judgment action on March 8, 2024. On May 29, 2024, the Court entered a Scheduling Order that set forth a date for completion of fact discovery (October 11, 2024), a date for the final pretrial conference (October 17, 2024), and an approximate date for trial ("[t]he trial of this case will be set for a day certain, within 4-8 weeks of the final pretrial conference."). Dkt. No. 9. In addition, the parties have already negotiated and submitted to the Court a Joint Proposed Discovery Plan (Dkt. No. 13) and participated in the initial pretrial conference held on June 26, 2024. On June 28, 2024, the Court approved the parties Joint Discovery Plan and entered its Rule 16(b)

Scheduling Order.  Dkt. No. 26; *Gebo Cermex USA, Inc., et al., v. Alliance Industrial Corp.,* No. 6:18-cv-00080 (W.D. Va. Nov. 27, 2019) ("[A]lthough discovery has just begun, a trial date has indeed been set.").  In light of the significant progress that has already been made and the fact that the Court has already set dates for all significant milestones in this case, it cannot be said that the stage of this case weighs in favor of a stay.

Pursuant to the already issued Scheduling Order, this case can be resolved in this Court *years* before the IPR and EPRs are concluded.  The PTAB is not expected to issue a Final Written Decision in the '958 Patent IPR until March 20, 2025 (although it can be further delayed).  *See* 35 U.S.C. § 316 (a)(11).  This case will be set for trial by the end of 2024, *months* before the Final Written Decision on the '958 IPR, and potentially *years* before resolution on all of the EPRs as explained *supra*.  Dkt. No. 9.  Accordingly, the stage of this case does not warrant the multi-year, indefinite stay BMW requests.  This case should, instead, follow this Court's Scheduling Order which will resolve the parties claims and defenses before the end of the year.

It is curious that BMW waited until June 28, 2024, over three months after the PTAB instituted the IPR, to file its Motion to Stay.  Again, BMW—not Foras—initiated this action on March 8, 2024 all the while knowing that its IPR Petition was pending and the EPR proceedings were ongoing.  Shortly after that, on March 20, 2024, the PTAB instituted IPR on the challenged claims of the '958 patent.  BMW could have, but did not, request a stay at that time especially considering BMW filed a nearly identical Motion to Stay in the Western District of Texas litigation earlier this year.  Additionally, all three EPRs were already well-underway before BMW ever filed this action.  So why did BMW wait over three months to file its Motion to Stay the very action that it instituted in the first place?  BMW's delay in filing its Motion to Stay should not be rewarded.  *Trover Group, Inc. v. Dedicated Micros USA,* No. 2:13-cv-1047-WCB, 2015 U.S. Dist.

LEXIS 29572, at *11 (E.D. Tex. March 11, 2015) ("by delaying in filing their petition and then further delaying in filing their motion to stay, the defendants have allowed the case to progress to a point at which the proceedings have become more active, and thus more expensive, for the parties. Because this factor was within the defendants' control, the Court is not sympathetic with the defendants' contention that they will be exposed to potentially unnecessary expenses in the absence of a stay. For that reason, the Court concludes that this factor cuts strongly against a stay.").

For all of these reasons, the stage of this case weighs against granting BMW's Motion.[3]

## C.    A Stay Will Not Simplify The Issues In This Case.

BMW has not shown that granting a stay will lead to simplification of the issues in this case. The '958 IPR will not lead to simplification because its does not cover the full breadth of the asserted claims. The EPR proceedings will not lead to simplification because no estoppel attaches to those proceedings and BMW will be free to relitigate the invalidity grounds asserted therein. Most importantly, however, **10** asserted claims of the '302 patent are not subject to *any* review. As such, no matter what happens in the IPR and EPR proceedings, at least those 10 claims must be adjudicated in this Court.

### i.    The '958 IPR proceedings will not result in simplification.

BMW has not shown the '958 IPR will actually result in simplification of the issues in this case. First, Foras asserts 16 claims of the '958 against BMW and only 9 of those 16 are at issue in the '958 IPR. Even if those 9 challenged claims are found unpatentable in the '958 IPR, there will still be 7 asserted claims left for the '958 patent which BMW can still challenge based on the

---

[3] At worst, this factor is neutral. *See, e.g.*, *Segin Sys., Inc. v. Stewart Title Guar. Co.*, 30 F. Supp. 3d 476, 482 (E.D. Va. 2014) (finding this factor neutral where a *Markman* hearing and trial date were set and discovery had recently begun).

full breadth its invalidity defenses. *See Continental Automotive Sys. Inc. v. Hamaton Automotive Tech. Co. Ltd. & Johndow Industries Inc.*, No. 2:16-cv-226 (E.D. Va. Feb. 7, 2017) (denying motion to stay and stating that "[e]ven if PTAB finds every claim of the patent invalid, some invalidity issues will remain – namely the claims that were not included in the PTAB application.").

Moreover, estoppel under Section 315(e) does not prevent BMW from challenging the validity of any of the asserted claims based on other invalidity grounds including Sections 101, 112, and based on system prior art. *See USC IP P'ship, L.P. v. Facebook, Inc.*, No. 6:20-cv-00555-ADA, 2021 WL 6201200, at *2 (W.D. Tex. Aug. 5, 2021); *MyPort*, No. 2:22-cv-00114-JRG, Dkt. No. 73 at 2-4 (denying motion to stay and relying, in part, on the fact that defendant "has raised multiple invalidity theories that will not go before the PTAB, and where a resulting stay here would leave in limbo these invalidity theories which will not go before the Board."); *Smart Mobile Techs. LLC v. Samsung Elecs. Co. Ltd., et al.*, No 6:21-cv-00701-ADA, Dkt. No. 115 at 7 (W.D. Tex. Aug, 8, 2023) (denying motion to stay and explaining that "[e]stoppel under § 315 (e) is broad but would not foreclose Samsung from arguing that the challenged claims are invalid over system prior art or applicant admitted prior art" meaning that "it would still permit Samsung to take another bite at the invalidity apple").  It would be more efficient for all of BMW's invalidity defenses to be handled in one proceeding rather than having a piecemeal resolution between multiple proceedings.

Furthermore, the strength of the '958 IPR is speculative at best.  BMW does next to nothing to demonstrate that the PTAB is likely to find any of challenged claims unpatentable.  And the mere fact that the PTAB has instituted IPR on the challenged claims is not an indication as to whether the issues in this case will be simplified.  "[T]he Supreme Court's decision in *SAS* alters

the Motion to Stay analysis and makes institution decisions less indicative that all claims will be found unpatentable." *Peloton Interactive, Inc. v. Flywheel Sports, Inc.*, No. 2:18-CV-00390-RWS-RSP, 2019 WL 3826051, at *2 (E.D. Tex. Aug. 14, 2019). "When the PTAB decides to institute review after *SAS*, it must institute review for all challenged claims even if the PTAB concludes at the petition stage that the petitioner did not show a reasonable likelihood that it would prevail for some challenged claims." *Id.* Because "the PTAB can no longer partially institute IPR proceedings, institution decisions are not as useful as they were in the past for providing an indication of whether all claims would be found unpatentable." *Id.* Therefore, standing alone, the fact that that the PTAB has instituted IPR on 9 of the 16 asserted claims for one of three asserted patents does not mean that the PTAB is likely to invalidate all (or even any) of the challenged claims leading to simplification.

In order to show that there is a likelihood of simplification, BMW needed to "address whether the Board is likely to invalidate every asserted claim—a showing that requires more than just pointing to a successful petition." *Scorpcast, LLC v. Boutique Media Pty Ltd.*, No. 2:20-CV-00193-JRG-RSP, 2020 WL 7631162, at *3 (E.D. Tex. Dec. 22, 2020). "Institution alone is not enough." *Ravgen, Inc. v. Lab'y Corp. of Am. Holdings*, No. W-20-CV-00969-ADA, 2022 WL 4240937, at *4 (W.D. Tex. Aug. 16, 2022). But BMW makes no effort to do so. And, following BMW's logic, nearly every case would be simplified where there is a co-pending IPR. To prevent that result, a movant is required to actually address "whether the Board is likely to invalidate every asserted claim[.]" *Scorpcast*, 2020 WL 7631162, at *3. BMW fails to discuss the purported merits of the invalidity grounds in the '958 IPR at all and instead relies on general statistics from the PTAB. *See Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2017 WL 4812434, at *1 (E.D. Tex. Oct. 24, 2017) ("Predictions and future projections of these types do not move the

Court.").  But those general statistics are unpersuasive because they are not tied to the chances of the asserted claims in this case being found unpatentable *in this case*.  *See, e.g.*, *Maxell Ltd.*, 2020 WL 10458088, at *3 ("Apple's contention that the PTAB is 'likely' to cancel 'at least eight of the 20 elected claims' is based on assumptions and statistics that the Court is reluctant to rely upon.").

BMW has done nothing to demonstrate that the '958 IPR will result in simplification of the issues in this case.  As such, this weighs against granting a stay.

### ii.     The EPR proceedings will not result in simplification.

Plaintiffs also fail to show that the EPR proceedings for each of the Asserted Patents will result in simplification.  As an initial matter, there are no statutory estoppel provisions that apply to the EPR proceedings, meaning that the EPRs may not result in *any* simplification at all.  *See, e.g.*, *Evolved Wireless, LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 2:21-cv-00033-JRG, Dkt. No. 64 at 3-4 (E.D. Tex. Feb. 22, 2023) ("there is no estoppel in EPR").  In other words, "the outcome of the ex parte reexamination will not bind [BMW], so [BMW] can relitigate the same issues pending before the PTO if it chooses."  *Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *5 (W.D. Tex. May 18, 2023); *see also Evolved Wireless*, No. 2:21-cv-00033-JRG, Dkt. No. 64 at 3-4 (explaining that the movant "will be free to litigate the same invalidity arguments in this Court even after any potential stay is lifted."); *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:21-cv-00104-JRG, Dkt. No. 75 at 6 (E.D. Tex. Feb. 22, 2022) ("The lack of statutory estoppel with respect to EPRs, which would prevent Samsung from asserting the same prior art references and grounds of invalidity at trial as it asserts in the EPRs, also cautions against a likelihood of simplification of the issues.").  Ultimately, BMW wants to get multiple bites at the invalidity apple allowing it to challenge the asserted claims first in IPR and EPRs, and then they want the chance to relitigate those exact same issues again before this Court

years later.  That will not simplify the issues for this Court, but rather, will cause duplicative efforts that drag this litigation out years past the already anticipated trial date at the end of 2024.

BMW again makes no showing that the EPR proceedings are likely to result in simplification of the issues in this case.  For example, even if all of the challenged claims are invalidated in the '958 IPR, claims 12, 23, 24, and 25 (which were not challenged in the '958 IPR) will remain to be evaluated in the '958 EPR proceeding.  But BMW does not discuss the purported merits of the challenges to those claims.  In fact, as with the '958 IPR, BMW fails entirely to discuss the merits of the invalidity grounds in any of the EPR proceedings.

Importantly, only a subset of the asserted claims of the '302 patent are being reviewed in the EPR proceedings.  Specifically, only 5 of 15 Asserted Claims are being reviewed.  That means no matter what, there will still be at least **10** asserted claims of the '302 patent that will need to be litigated in this Court.  The fact that all asserted claims are at issue in the other two EPR proceedings does not mean that there will be simplification.  *Solas OLED Ltd. v. Samsung Display Co., Ltd.*, No. 2:21-cv-00104-JRG, Dkt. No. 75 at 6 (E.D. Tex. Feb. 22, 2022) ("The Court declines to develop a *per se* rule that mere institution of an EPR results in a likelihood of simplification of the issues.").  "While it is possible that all challenged claims could be canceled by the PTO, it is also entirely possible that [Foras] overcomes any eventual rejections through argument or insubstantial amendments."  *Id*.

For all of these reasons, this factor weighs against a stay.

V.    **CONCLUSION**

For the reasons stated above, the Court should deny BMW's Motion.

Respectfully submitted,

Foras Technologies Limited
By Counsel

Dated:  July 5, 2024

_/s/ /Michael K. Kim_

Michael K. Kim (VSB No. 82922)
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Tel: (703) 691-1235
Fax: (703) 691-3913
mkim@bklawva.com

Brett E. Cooper (NY SBN 4011011) (*pro hac vice forthcoming*)
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201
bcooper@bclgpc.com

***Attorneys for Defendant Foras Technologies Limited***

16

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

*/s/ Michael K. Kim*