# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

| | |
|---|---|
| BAYERISCHE MOTOREN WERKE AG, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FORAS TECHNOLOGIES LTD.,<br><br>Defendant. | Case No. 1:24-cv-00363-LMB-WEF<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT FORAS TECHNOLOGIES LTD.'S OPPOSITION TO PLAINITFF ROBERT BOSCH GMBH'S MOTION TO SEVER AND STAY**

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................................. 1

II. FACTUAL BACKGROUND ............................................................................................... 2

III. LEGAL STANDARD ........................................................................................................... 2

IV. ARGUMENT ........................................................................................................................ 2

    A. Bosch's Motion to Sever Should be Denied. ................................................................. 2

    B. Bosch's Motion to Stay Should be Denied. ................................................................... 5

V. CONCLUSION ..................................................................................................................... 5

## TABLE OF AUTHORITIES

**Cases**

*Broadcom Corp. v. Sony Corp.,*
  No. SACV-16-1052-JVS (JCGx), 2016 WL 9108039 (C.D. Cal. Dec. 20, 2016) ................. 3, 4

*Clinton v. Jones,*
  520 U.S. 681 (1997) ........................................................................................................... 2

*In re EMC Corp.,*
  677 F.3d 1351 (Fed. Cir. 2012) .......................................................................................... 2

*In re Nintendo Co.,*
  544 F. App'x 934 (Fed. Cir. 2013) ................................................................................. 2, 3

*In re TLI Commc'ns LLC,*
  No. 1:14-md-2534, 2014 WL 12615711 (E.D. Va. Aug. 11, 2014) ........................................... 2

*Netlist, Inc. v. Samsung Elecs. Co. Ltd., et al.,*
  No. 2:22-cv-00293-JRG, Dkt. 710 (E.D. Tex. June 11, 2024) ..................................................... 3

*RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC,*
  No. 1:20-CV-00393-LO, 2020 WL 6882646 (E.D. Va. Sept. 3, 2020) .................................. 3, 4

*Thomas v. Wilber,*
  2015 WL 4615911 (E.D. Cal. July 31, 2015) ........................................................................... 3

**Rules**

Fed. R. Civ. P. 13 ................................................................................................................... 3

Fed. R. Civ. P. 18 ................................................................................................................... 3

Fed. R. Civ. P. 21 ................................................................................................................... 2

I.      **INTRODUCTION**

Bosch's Motion to Sever and Stay this case should be denied. *See* Dkt. No. 34 ("Mot." or "Motion"). First, the Court should deny Bosch's Motion to Sever the claims related to the '958 patent because such severance would severely prejudice Foras and would not promote judicial economy. Foras was within its right to file permissive counterclaims against BMW. Granting Bosch's Motion and severing this case would effectively force Foras to litigate two nearly identical matters simultaneously between the same parties, similar, patents, and the same attorneys. That is unnecessary and unduly burdensome. Severing this case not only prejudices Foras, it also causes additional work for this Court that will have to manage twice the amount of discovery, hearings, motions, and trials. As such, severing this case does not promote judicial economy. Bosch's Motion to Sever should be denied.

Second, Bosch's Motion to Stay should be denied. As detailed in Defendant's Opposition to BMW's Motion to Stay, Dkt. No. 44, Bosch and BMW initiated this declaratory judgment action. They should not now be permitted to turn around and place this litigation on a multi-year hold, which only serves to prevent the timely adjudication of Foras' patent rights at the jury trial anticipated for later this year. Granting Bosch's requested stay will unduly prejudice Foras' right to timely enforcement of its patent rights through its counterclaims for patent infringement.[1] As set for in Defendant's Opposition to BMW's Motion to Stay, Dkt. No. 44, which arguments are incorporated herein by reference, all three factors weigh against granting Bosch's Motion to Stay. Justice dictates that this case proceed according to the Court's Scheduling Order, which resolves all claims and defenses by the end of this year. Bosch's Motion should be denied.

---

[1] Foras asserts U.S. Patent No. 7,502,958 ("the '958 patent" or "the Asserted Patent") against Bosch and BMW. Additionally, Foras asserts U.S. Patent Nos. 7,624,302 ("the '302 patent"), and 7,627,781 ("the '781 patent") against BMW.

1

## II.   FACTUAL BACKGROUND

The facts pertinent to Bosch's Motion and Defendant's Opposition are set forth in Defendant's Opposition to BMW's Motion to Stay and are incorporated herein by reference. *See* Opp., at Dkt. No. 44.

## III.   LEGAL STANDARD

Rule 21 allows a district court to "sever any claim against a party." Fed. R. Civ. P. 21. "[M]otions to sever are governed by Federal Circuit law because joinder in patent cases is based on an analysis of the accused acts of infringement, and this issue involves substantive issues unique to patent law." *In re EMC Corp.*, 677 F.3d 1351, 1354 (Fed. Cir. 2012). "[W]hen determining whether claims permissibly joined should be severed for purposes of seeking transfer and a stay of proceedings, a court should consider whether it would be convenient or fair to keep the matters together. If inconvenience or unfairness is alleged to arise from the claims proceeding together, courts must exercise their discretion to decide whether the claims should be severed under Rule 21." *In re Nintendo Co.,* 544 F. App'x 934, 938-39 (Fed. Cir. 2013).

When resolving a motion to stay patent litigation pending administrative proceedings, district courts in this district consider three factors: "(i) the stage of the litigation, including whether discovery is complete and a trial date is scheduled, (ii) whether a stay would simplify the matters at issue, and (iii) whether a stay would unduly prejudice or clearly disadvantage the non-moving party." *In re TLI Commc'ns LLC*, No. 1:14-md-2534, 2014 WL 12615711, at *1 (E.D. Va. Aug. 11, 2014) (internal citations omitted). "The proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

## IV.   ARGUMENT

### A. Bosch's Motion to Sever Should be Denied.

The Court should deny Bosch's Motion to Sever the claims related to the '958 patent

2

because it would be most convenient and fair to keep the claims together. *In re Nintendo Co.,* 544 F. App'x 934, 938-39 (Fed. Cir. 2013).

First, keeping this case together would be most convenient for the parties and the Court. "As a general rule, holding multiple trials when claims could be consolidated in one trial is not conducive to judicial economy." *RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC*, No. 1:20-CV-00393-LO, 2020 WL 6882646, at *6 (E.D. Va. Sept. 3, 2020) (citing *Broadcom*, 2016 WL 9108039, at *4; *Thomas v. Wilber*, 2015 WL 4615911, at *6 (E.D. Cal. July 31, 2015)). "This is not a case in which a party is seeking severance of non-patent infringement counterclaims from infringement claims. If it were, the Court would be more inclined to find that the issues raised by the respective parties are significantly different from one another." *RAI Strategic Holdings,* 2020 WL 6882646, at *3. Rather, "[t]here is significant overlap between the claims" and "[s]evering these Patents into two separate cases creates a risk of unnecessary duplication of expending the Court's and the Parties' limited resources." *Netlist, Inc. v. Samsung Elecs. Co. Ltd., et al.*, No. 2:22-cv-00293-JRG, Dkt. 710 at 6-7 (E.D. Tex. June 11, 2024). For example, there is significant overlap in Foras' counterclaims against BMW and Bosch as they relate to Bosch components included in BMW automobiles and will, therefore, likely entail overlapping evidence and issues regarding infringement of the '958 Patent through BMW's use of the accused Bosch components.

Second, severing this case would be unfair and result in undue prejudice to Foras. Foras' counterclaims of patent infringement as to the '781 and '302 patents are permissive counterclaims that were properly brought against Bosch's co-plaintiff, BMW, under the Federal Rules. *See* Fed. R. Civ. P. 13 ("A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."); Fed. R. Civ. P. 18 ("[a] party asserting a claim, counterclaim, or third party claim may join, as independent or alternative claims, as many claims as it has against an opposing

3

party.'").[2] Severing those counterclaims from the '958 counterclaims would "deprive [Foras] of [its] opportunity to assert permissive counterclaims authorized by the Federal Rules[.]". *RAI Strategic Holdings, Inc. v. Altria Client Servs. LLC*, No. 1:20-CV-00393-LO, 2020 WL 6882646, at *6 (E.D. Va. Sept. 3, 2020).

Further, as explained above, severing the '781 and '302 counterclaims from the '958 counterclaims would "force [Foras] to twice litigate a similar matter involving 'the same parties… with both sides represented by the same attorneys.'" *Id*. That is, it would require Foras to litigate two co-pending actions against BMW—one related to the '781 and '302 patents and another related to the '958 patent. This is significant because the '781, '302, and '958 patents are all related to the same technology, lockstep processing, and are likely to raise similar issues for claim construction and trial. Severing this case "could potentially impose on [Foras] the obligations of two discovery deadlines, two motions calendars, two Markman hearings, and two trials." *Id*. (citing *Broadcom Corp. v. Sony Corp.*, 2016 WL 9108039, at *4 (C.D. Cal. Dec. 20, 2016)). This would be particularly burdensome to Foras considering all of the relevant third party technical and source code discovery will be from the same third party, Infineon. Specifically, Infineon makes all of the chipsets that are included in both Bosch's and Magna's components accused of infringement across the three patents. Severing this case could cause severe prejudice to Foras who would have to engage in cumbersome third-party discovery with Infineon for two co-pending matters.

Bosch asserts that "the addition of two additional patents unrelated to Bosch render the

---

[2] To the extent Bosch is making an argument that Foras' counterclaims related to the '781 and '302 patents were not properly joined (Mot. at 5-6), Bosch is mistaken. Foras' counterclaims related to the '781 and '302 patents are permissive. As such, they need not arise out of the same transaction or occurrence as its counterclaims related to the '958 patent.

4

case unwieldy and unfair to Bosch" because there will be "distinct witnesses and documentary proof likely to be required" for counterclaims related to the '781 and '302 patents. Mot. at 6. It is unclear, however, why or how the need for "distinct witnesses and documentary proof" related to the '781 and '302 patents will cause any burden to Bosch—the burden is on Foras to navigate its different claims and the proof needed to establish infringement. Bosch will not be involved in the discovery efforts related to obtaining the necessary third-party confidential documents and deposing witnesses related to the products accused of infringing the '781 and '302 patents. As such, the addition of the '781 and '302 patents in no way affects Bosch.

Bosch also argues that the '781 and '302 patents will have "different claim terms" and "will raise different issues for trial." Mot. at 6. But that is all speculative. In reality, the relevant claim terms are likely to overlap since all three patents relate to the same technology, lockstep processing. Because the fundamental technology involved in the infringement allegations is the same across all three patents, there will likely be overlap between claim construction issues and other issues throughout the case.

To prevent unfair prejudice to Foras and to promote judicial economy, the Court should deny Bosch's Motion to Sever.

### B. Bosch's Motion to Stay Should be Denied.

Bosch's arguments to stay this action are nearly identical to the arguments made in BMW's Motion to Stay. Accordingly, Defendant's arguments in its Opposition to BMW's Motion to stay are incorporated herein by reference and Bosch's Motion to Stay should be denied for the reasons set forth in Defendant's Opposition to BMW's Motion to Stay.

### V. CONCLUSION

For the reasons stated above, the Court should deny Bosch's Motion.

                Respectfully submitted,

                Foras Technologies Limited
                By Counsel

Dated:  July 5, 2024

*/s/ /Michael K. Kim*

Michael K. Kim (VSB No. 82922)
Blankingship & Keith, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Tel: (703) 691-1235
Fax: (703) 691-3913
mkim@bklawva.com

Brett E. Cooper (NY SBN 4011011) (*pro hac vice forthcoming*)
**BC LAW GROUP, P.C.**
200 Madison Avenue, 24th Floor
New York, NY 10016
Tel.: (212) 951-0100
Fax: (646) 293-2201
bcooper@bclgpc.com

***Attorneys for Defendant Foras Technologies Limited***

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of July 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing to all counsel of record.

<em>/s/ Michael K. Kim</em>